## THOMAS THOMAS, ET AL., v. JAMES CLARK.

**Power of Chancellor After Rights Have Been Determined in a Court of Law:**
> Where issues have been formed between litigants, in which one is charged with trespass by removing a gate, and the issues have been determined on appeal, a chancellor has no power to modify the judgment rendered by the court of law.

### APPEAL FROM GRANT CIRCUIT COURT.

October 26, 1880.

OPINION BY JUDGE PRYOR:

One of the complaints made by the appellants in the original action of trespass was the removal of the gate of the appellee and the obstruction of the passway so as to prevent its convenient use by the appellants. The court below rendered a judgment upon the verdict, in favor of the appellants, by reason of the trespass complained of, and that judgment was affirmed by this court. This must be held as concluding the rights of the parties, and the chancellor had no power to modify that judgment, for the reason alone that the removal of the gate or the acts of the appellee have in no manner interfered with the enjoyment of the easements by the appellants. That identical issue was tried in the common-law court. Besides, there is proof conducing to show that the erection of the gates at another and different place, by the appellee, has produced serious inconvenience to the appellants, and if the question had been made for the first time before the chancellor it is doubtful whether any ground existed for equitable relief. The enjoyment of the easement by the appellants. is no doubt an interference with the appellee in the use and ownership of his own land; still, the easement is not only claimed, but established as a matter of right, and the chancellor should have dissolved the injunction. The gate should be located where it stood when the action of trespass was committed.

Judgment *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*W. T. Simmons, J. J. Landrum, for appellants.*
*E. H. Smith, for appellee.*